**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BUENO-PAULINO, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil No. 2:26-cv-04834-JLS |
| | : | |
| J.L. JAMISON, *et al.*, | : | |
| Respondents. | : | |

**ORDER**

**AND NOW**, this 24th day of July, 2026, upon consideration of Alvaro Smarlin Bueno-Paulino's Petition for Writ of Habeas Corpus (ECF No. 1), the Government's Response in Opposition to Petition for Writ of Habeas Corpus (ECF No. 4), and Mr. Bueno-Paulino's Supplemental Brief in Support (ECF No. 7), and after holding a telephone status conference with counsel, **IT IS HEREBY ORDERED** that the Petition (ECF No. 1) is **GRANTED** as follows:

1. Alvaro Smarlin Bueno-Paulino is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

2. The Government shall **RELEASE** Alvaro Smarlin Bueno-Paulino from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than 5:00 p.m. ET on July 27, 2026;

3. If the Government chooses to pursue re-detention of Alvaro Smarlin Bueno-Paulino pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, pursuant to 8 C.F.R. §§ 1236.1 (c)(8), (d)(1), etc.; and

4.  The Court shall retain jurisdiction of this matter for thirty (30) days unless otherwise ordered.[1]

                                    **BY THE COURT:**


                                    */s/ Jeffrey L. Schmehl*
                                    **JEFFREY L. SCHMEHL**
                                    United States District Court Judge

---

[1] Mr. Bueno-Paulino continuously resided in the United States for over two years. (*See* ECF No. 1, Verified Pet. for Habeas Corpus, ¶ 18). He arrived on December 21, 2023. (*Id.*). He was detained and then released into the United States. (*Id.*). Mr. Bueno-Paulino settled in Philadelphia, Pennsylvania, where he was living before his incarceration. (*Id.* at ¶ 19). On July 10, 2026, ICE officials arrested Mr. Bueno-Paulino at an automotive garage where he was registering his vehicle. (*Id.* at ¶ 21).

The Government's arguments are familiar. The Government maintains Bueno-Paulino is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2), and the detention does not offend due process. The vast majority of federal courts, including this Court, have rejected these arguments. *See e.g., Buele Morocho v. Jamison*, No. CV 25-5930 (E.D. Pa. Nov. 26, 2025); *Patel v. McShane*, No. CV 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Ndiaye v. Jamison*, No. CV 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 U.S. Dist. LEXIS 226877 (E.D. Pa. Nov. 18, 2025); *Kashranov v. Jamison*, No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025). The Court will not belabor the point: Mr. Bueno-Paulino's mandatory detention without the opportunity for a bail hearing is unlawful.